# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**CELESTE L. GUICE,**

      **Plaintiff,**

**v.**                                                                      **Case No: 8:15-cv-2674-T-27TGW**

**MEGAN J. BRENNAN, Postmaster
General, UNITED STATES POSTAL
SERVICE**

      **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Verified Motion for Sanctions Against Assistant United States Attorney Michael R. Kenneth (Dkt. 35). A response to the motion is unnecessary.[1] The motion is DENIED.[2]

Plaintiff seeks sanctions under Rule 11, Fed.R.Civ.P, and 28 U.S.C. § 1927 because, according to Plaintiff, Attorney Kenneth has "unreasonably and vexatiously" multiplied these proceedings, committed fraud on the court, advanced "patently meritless defenses, conducted the defense in bad faith and made an "intentional negligent misrepresentation." She is woefully

---

[1] In her Motion to Strike Defendant's response to her motion for summary judgment, Plaintiff included all of the allegations of misconduct on the part of Attorney Kenneth she relies on in support of her Motion for Sanctions, including that he committed a fraud on the court and made an "intentional negligent misrepresentation." (Dkt. 26). Attorney Kenneth's opposition correctly points out that factual disputes are not evidence of fraud or misrepresentation and that Plaintiff's contentions "concern the core factual disputes about the Defendant's compliance with the arbitration award" (Dkt. 27). That response demonstrates that Attorney Kenneth conducted a factual investigation before filing the response to Plaintiff's summary judgment motion.

[2] This case has been dismissed with prejudice pursuant to Defendant's Motion to Dismiss based on the statute of limitations (Dkt. 36). None of Plaintiff's contentions in support of her motion for sanctions are related to the statute of limitations defense raised in Defendant's motion.

1

mistaken.

Plaintiff's contentions are essentially based on her disagreement with the defenses and factual explanations supporting Defendant's contention that Plaintiff's motion for summary judgment should be denied. In sum, Plaintiff believes sanctions are warranted because the merits favor her. That is not the standard for imposition of sanctions. More specifically, simply because she disagrees with the facts relied on by Defendant does not support a conclusion that the attorney has vexatiously multiplied these proceedings, acted in bad faith, violated Rule 11, or is otherwise sanctionable.

One who "multiplies the proceedings in any case unreasonably and vexatiously" may be sanctioned under § 1927. *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001). Notwithstanding, nothing Attorney Kenneth has filed in this case could possibly have multiplied these proceedings unreasonably or vexatiously. The extent of his conduct was to file (1) a motion to set aside the default entered against his client, *which was granted* (Dkts. 12, 14); (2) a Motion for Extension of Time to respond to the Complaint, *which was granted* (Dkts. 16, 20); (3) a Motion to Dismiss With Prejudice based on the statute of limitations, *which was granted* (Dkts. 21, 36); and (4) a response in opposition to Plaintiff's Motion for Summary Judgment, with supporting affidavit (Dkt. 25). Plaintiff's motion for summary judgment has been denied as moot (Dkt. 38).

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir.2001). In relevant part, Rule 11 provides that an attorney who signs a pleading "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that factual contentions have evidentiary support. In considering whether to impose sanctions under Rule 11, a two step inquiry is conducted: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware

2

that they were frivolous." *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001), quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir.1998).[3]

      An examination of Defendant's opposition to Plaintiff's summary judgment motion and Defendant's response to her Motion to Strike demonstrates that the pleadings signed by Attorney Kenneth are not objectively frivolous and have evidentiary support based on a reasonable investigation of the facts. Indeed, Attorney Kenneth explains the investigation by his client and how it supports the position he takes on the merits (Dkt. 27 at 3). And he attaches the sworn declaration of Melvin Nellums attesting to the facts he relies on. Id. His pleading therefore had evidentiary support and Rule 11 sanctions are not warranted.

      **DONE AND ORDERED** this *16* day of September, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record, pro se Plaintiff

---

[3] In a separate pleading, Plaintiff asserts that she complied with the safe harbor provisions of Rule 11(c)(2) (Dkt. 26 at 18).